IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID BRYAN BALLARD, | § | |
| Petitioner, | § § § | |
| v. | § | 2:11-CV-0212 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § § | |

# REPORT AND RECOMMENDATION
# TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAVID BRYAN BALLARD. By his habeas application, petitioner challenges his April 30, 1998 conviction for possession of a prohibited substance in a correctional facility, out of the 181st Judicial District Court of Potter County, Texas, and the resultant 2-year sentence. *State v. Ballard*, No. 37,989-B. Petitioner argues his conviction in Cause No. 37,989-B is unconstitutional, contending the indictment against him was void.

Petitioner has fully served and discharged this 2-year sentence in Cause No. 37,989-B. On September 15, 2011, petitioner was ordered to show cause why his petition should not be dismissed as petitioner is no longer "in custody" pursuant to the conviction and sentence he challenges herein. As of this date, petitioner has not responded to the Court's Order to Show Cause.

The general purpose of a federal writ of habeas corpus is to provide relief to a petitioner

by freeing him from custody imposed in violation of the Constitution or laws of the United States. Consequently, in order to pursue federal habeas corpus relief, a petitioner must show he is, in fact, "in custody." *See* 28 U.S.C. §§ 2241(c). Where a petitioner challenges his state custody, he must show he is in custody under the judgment and sentence of a state court and that such custody is in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). Specifically, the petitioner must be in custody pursuant to the conviction or sentence challenged in the federal habeas corpus petition. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). A habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for said conviction has fully expired and the petitioner suffers no present restraint as a result of the conviction. *Id.* at 491-92, 109 S.Ct. at 1925-26. Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to consider the federal habeas petition. *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

As petitioner has discharged and fully served his 2-year sentence in Cause No. 37,989-B, petitioner is no longer "in custody" pursuant to the 1998 possession conviction and sentence he challenges herein. There is no relief this Court can provide him in this federal habeas corpus proceeding. This Court lacks subject matter jurisdiction to review petitioner's claims. *See Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925; *Pleasant*, 134 F.3d at 1259.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by

petitioner DAVID BRYAN BALLARD be DISMISSED for lack of subject matter jurisdiction.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of October, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).